UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| ALLEN GREY, | ) | |
| Petitioner, | ) ) ) | No. 5:15-CV-13-KKC-HAI |
| v. | ) ) | RECOMMENDED DISPOSITION |
| COMMONWEALTH OF KENTUCKY, | ) ) ) | |
| Respondent. | ) ) | |

*** *** *** ***

On December 30, 2014, pro se Petitioner Allen Grey filed a petition pursuant to 28 U.S.C. § 2254 in the Western District of Kentucky. D.E 1. On January 20, 2015, Senior Judge John G. Heyburn ordered that the case be transferred to the Eastern District of Kentucky (D.E. 4), where it was assigned to Chief Judge Karen Caldwell (D.E. 6) and referred to the undersigned (D.E. 6-1). After conducting a preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings, the Court found the petition to be procedurally improper and ordered Petitioner to file a corrected petition. D.E. 7.

On January 29, 2015, Petitioner filed a corrected petition correcting some, but not all, of the defects in his original petition. D.E. 8. The Court again ordered him to submit a corrected petition in compliance with Rule 2 of the Rules Governing Section 2254 Proceedings, and specifically instructed him to name the state officer who has custody of him pursuant to a state court judgment as required by Rule 2(a). D.E. 9.

On February 23, 2015, Petitioner filed a second corrected petition, again naming the "Comm of Kentucky" as Respondent. D.E. 10. The United States Supreme Court has held that "the default rule is that the proper respondent is the warden of the facility where the prisoner is

being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). A federal court is deprived of personal jurisdiction when a petitioner fails to name his custodian as respondent. *See Johnson v. Reilly,* 349 F.3d 1149, 1153 (9th Cir. 2004) (citing *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).

In sum, Petitioner has not responded in compliance with the Court's Order at Docket Entry 9. In that Order, the Court provided notice to Petitioner that, if he failed to comply, the Court would recommend that the Chief Judge dismiss the instant action. Accordingly, the Court **RECOMMENDS** that Petitioner's action be **DISMISSED WITHOUT PREJUDICE** under Rule 4. Any resubmitted petition would be subject to the applicable statute of limitations because this Recommended Disposition in no way implicates or affects such statute.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2254 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 26th day of February, 2015.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge